Marshall, C. J.,
 

 dissenting. My objection to the first two paragraphs of the syllabus is that they apply perfectly sound principles to a controversy which has no possible relation to the matters which were in the mind of the framers of the Constitution when Section 14, Article IY, was framed.
 

 
 *175
 
 My objection to the third paragraph of the syllabus is that it places the judicial branch of the government entirely beyond any control or supervision at the hands of the legislative branch. It is therefore entirely out of harmony with the well-settled principles laid down by former decisions of this court and the Supreme Court of the United States. In
 
 Village of Fairview
 
 v.
 
 Giffee,
 
 73 Ohio St., 183, 76 N. E., 865, Chief Justice Davis laid down certain principles which have been generally accepted as sound, in which he stated that while the different branches of the government are separate and distinct it is nevertheless impossible to distinctly define the line of demarcation, and he therefore quoted with approval from the opinion of White, J., in
 
 State ex rel.
 
 v.
 
 Harmon,
 
 31 Ohio St., 250, as follows:
 

 “In so far as the distribution has not been made in the Constitution, the power to make it is vested in the General Assembly, as the depository of the legislative power of the state.”
 

 These earlier pronouncements were unanimously approved by this court in the recent case of
 
 Stanton, Pros. Atty.,
 
 v.
 
 Tax Commission,
 
 114 Ohio St., 658, 151 N. E., 760.
 

 That the Legislature has the power to fix the jurisdiction of the court of common pleas and to fix the salaries of the judges is so well settled as to make citation of authority unnecessary. The Legislature has enacted many sections which define the duties of common pleas judges, and it is difficult to see how Section 1558, General Code, can be unconstitutional and other sections defining powers and fixing duties of the judges remain
 
 *176
 
 valid. The effort of the majority opinion to p]ace judges beyond the reach of the General Assembly will not meet the approval of the legal profession, and will not meet the approval of the majority of the members of the judiciary of Ohio. There is a conviction on the part of the majority of the people that salaries of members of the bench are too low, but the Legislature will never bo persuaded to raise the salaries until there is a spirit of willingness to render the service which should call for the payment of higher salaries.
 

 I only wish to state in conclusion that the act which created a chief justice of courts of common pleas in counties having more than one common pleas judge has resulted in great good in Cuyahoga county, and has given the common pleas court of that county a national reputation for promptness and efficiency. Any pronouncements which are in the leastwise calculated to interfere with the splendid work of the courts of that county are to be deplored.
 

 Allen, J., concurs in the dissenting opinion.